■ PLYMOUTH FINANCIAL COMPANY, INC., Respondent, v PLYMOUTH PARK TAX SERVICES LLC, Appellant. [989 NYS2d 29]—

Judgment, Supreme Court, New York County (O. Peter Sherwood, J.), entered July 5, 2013, in plaintiff's favor, and bringing up for review an order, same court and Justice, entered on or about April 18, 2013, which, inter alia, granted plaintiff's motion for summary judgment, and denied defendant's cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the judgment vacated, plaintiff's motion for summary judgment denied, defendant's cross motion for summary judgment granted, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint. Appeal from aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The parties disagree as to how much of a $1 million "holdback payment" detailed in their asset purchase agreement (APA) defendant must pay to plaintiff. Defendant contends that it is entitled to reduce the amount of its payment by the amount of an indemnification found in the APA's section 8.1 (a) (v), for costs associated with a specifically identified litigation matter known as the "MRS Litigation." Plaintiff argues that defendant must pay the full $1 million and cannot deduct the indemnification, because its affiliate company acquired separate counsel in the MRS Litigation and, according to section 8.6 of the APA, this separate counsel was obtained at defendant's expense.

The motion court correctly determined that section 8.6 was intended to apply only to future third-party claims, while the indemnification in section 8.1 (a) (v) was intended to apply specifically to the then-pending MRS Litigation. However, the court incorrectly applied the provisions of section 8.6 to the MRS Litigation indemnification regardless of this distinction. Section 8.1 (a) (v) evinces the parties' clear intent to place the risk of "any and all losses" connected to the MRS Litigation, including legal fees, "whether arising before or after the Closing," squarely on plaintiff. The provisions of section 8.6 cannot be read to limit the indemnification found in section 8.1 (a) (v), as this interpretation would vitiate the language of section 8.1

(a) (v), rendering it meaningless (*see U.S. Bank N.A. v Lightstone Holdings LLC*, 103 AD3d 458, 459 [1st Dept 2013]).

Accordingly, defendant is correct in asserting that it is entitled to reduce the amount of its $1 million hold-back payment by the amount of the MRS Litigation indemnification. Therefore, plaintiff's claim for breach of contract must be dismissed. Concur—Acosta, J.P., Renwick, Feinman and Clark, JJ. ▮